ALEX. MURRAY and S. E. RIDGELY *v.* THE STATE.

LICENSE PRIVILEGE. *Merchant tailors* Merchant tailors are required to take out license as a merchant.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

—— LEHMAN for Murray.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the Court.

The defendants were indicted and convicted under sec. 682c of the Code, which is as follows: No merchant shall commence or continue business in any county in this State without obtaining a license from

the clerk of such county, in accordance with the provisions of this act; and every person or individual member of a copartnership so offending shall be subject to prosecution for each day's violation of this law; and, on conviction, shall be fined not less than one hundred dollars for each offense."

The facts proven on the trial were, that the defendants were copartners and carried on the business of merchant tailors in Memphis. They kept on hand a stock of goods, which they purchased outside of the State, and made them up into clothing and sold them upon orders of their customers. When a customer desired a suit of clothes or a garment they permitted him to select from their stock the particular piece of cloth or stuff he desired them made of, and they took his measure and made up the articles of clothing and sold them to him. They kept in their employ tailors for the purpose of making up their goods into clothing for their customers, whom they charged for the cloth of which the clothing was made, as well as for the labor and skill of making them up. They had been doing business in Memphis for some years, and always previous to the first of January, 1883, had taken out merchants' license, but at the beginning of the present year they failed to take out any license, but continued to do business in the manner above stated until the 12th of May, 1883, when the indictment was found against them.

During the time they had license they would sometimes sell a piece of cloth, or some article of trim-

ming or buttons, to a customer, without being made up, but since they had failed to take out a license they had ceased to sell any articles unless made up into clothing.

The court was requested ,by the defendants to charge the jury that persons who manufacture and supply goods alone to the previous orders of their customers, although they keep on hand the materials from which the manufactured articles are produced, are not merchants, and are not required to have a license, which, under the statute, merchants are required to procure; and if they found that the defendants, while they had no license as merchants, had a stock of goods from which they manufactured garments for customers as they received orders for making them, and that this constituted their business, they should acquit the defendants.

The court declined to give this instruction, but charged the jury, among other things not excepted to, that if the defendants had a place of business in Memphis, at which they had a stock of goods which they used to make up garments for customers, whenever they might receive an order or orders for so doing, and that if they received pay for such garments made up on such orders, then they were merchants, and must procure license as merchants, and their failure to do so within the period of one year, renders them guilty of the offense charged in the indictment: And if they found that the defendants did business with a stock of goods, by taking orders for making gentlemen's garments, for compensation or

profit, charging for, both the cloth and the work, and securing fpay therefor, etc., they should convict the defendants.

This portion of the charge, as well as the refusal to give the instruction asked for, is now assigned as error.

We think there can be no question but that the defendants were merchants within the meaning of the statute above quoted, and were bound to obtain a license in order to carry on business in the manner above stated, and that the charge given to the jury was correct, and that the defendant was not entitled to the instructions as requested: *Singleton* v. *Fritsche*, 4 Lea, 93; *Naff*, *Coffman & Martin* v. *Russell*, 2 Cold., 37.

There is no error in the record, and the judgment must be affirmed.